```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DEBRA DRETAR                                  CIVIL ACTION

VERSUS                                        NO: 11-577

ROBERT C. GRAVOLET and THE                    SECTION: "J" (2)
UNITED STATES TRUSTEE REGION
V
```

### ORDER AND REASONS

Before the Court is the Defendants' **Motion to Dismiss and Motion for More Definite Statement (Rec. Doc. 7).** The motion is unopposed. It was set for hearing without oral argument for June 22, 2011. Rec. Doc. 8. Plaintiff failed to timely oppose, and Plaintiff's attorney then withdrew from the case. Rec. Doc. 11. The Court waited to rule on the motion, allowing Plaintiff more than ample time to either enroll new counsel or inform the Court that she intends to proceed pro se. Rec. Doc. 12. Plaintiff has not met her deadline for doing so. The motion was set for hearing months ago. The Court, finding that there is merit to the motion, now grants it.

1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff is a bankruptcy preparer and alleges that defendant Robert C. Gravolet, a United States Trustee attorney, filed a motion for sanctions against her in 2009 due to her alleged failure to discharge her duties properly as a bankruptcy preparer.  Plaintiff alleges that Defendants knew that the motion for sanctions was baseless, indeed, that several components were "factually inaccurate, untrue, and/or inconsistent."  Rec. Doc. 1-1, at 2.  She alleges that on November 23, 2009, Judge Jerry A. Brown of the Bankruptcy Court for the Eastern District of Louisiana denied the motion, exonerating Ms. Dretar of any wrongdoing.  She further alleges that defendant Gravolet then proceeded to confront her to tell her that he would continue to pursue her as long as she remained in business.  Plaintiff, without citing any law, sues for pecuniary and non-pecuniary damages, including the cost of defending against the motion for sanctions, loss of income, and severe emotional distress and mental anguish.  As to Gravolet, the suit is filed against him in both his personal and official capacities.

**THE PARTIES' ARGUMENTS**

Defendants argue that there is no subject matter jurisdiction as to Defendant United States Trustee Region V, or

as to the claims against Gravolet in his official capacity. The sovereign must waive its immunity to be amenable to suit, which waiver is absent here. Plaintiff does not point to any statute providing an applicable waiver of sovereign immunity, and it is her burden to establish jurisdiction. Defendants propose that to the extent the suit sounds in tort, the Federal Tort Claims Act ("FTCA") would be the pertinent statutory waiver, which requires exhaustion of administrative remedies. Plaintiff does not allege she has performed such exhaustion. Additionally, Defendants move under Rule 12(e) for a more definite statement of the claim, on the grounds that the petition does not state a cause of action, the law upon which the suit is based, or sufficient facts for the Defendants to be able to adequately respond. Plaintiff does not oppose the motion.

## DISCUSSION

The United States may only be sued if it has unequivocally given its consent to suit through a waiver of sovereign immunity. U. S. v. Mitchell, 445 U.S. 535, 538 (1980). The claims against Gravolet in his official capacity are also subject to this rule. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (where suit is against government official in his official capacity, the suit is, in all respects other than name, treated as a suit against

the government entity).  Plaintiff does not set forth any legal theory of recovery in her petition, but the suit sounds in tort, subjecting her suit against the U.S. Trustee and Gravolet in his official capacity to the FTCA's requirement that Plaintiff exhaust administrative remedies.  She has not even alleged that she filed an administrative claim; therefore, she has not alleged compliance with the FTCA. The Court has no subject matter jurisdiction over her claims against the U.S. Trustee, or those against Gravolet in his official capacity.  See 28 U.S.C. § 2675(a) (requiring presentment of the claim to the appropriate federal agency and final denial by the agency in writing that is sent by certified or registered mail).  The Court holds that the claims against the United States Trustee Region V should be dismissed for lack of subject matter jurisdiction, as well as the official-capacity claims against Robert Gravolet.

This leaves the remaining claims against Gravolet in his personal capacity.  There is no exhaustion-of-remedies requirement.  However, the claims are pled so vaguely that they do not give proper notice to Gravolet to allow him to responsively plead.  See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (stating that "a complaint, which contains a 'bare bones' allegation that a wrong occurred and

4

which does not plead any of the facts giving rise to the injury, does not provide adequate notice," and providing that Rule 8 requires a complaint to "set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist").  Plaintiff seeks damages but has not characterized the alleged facts as supporting any particular cause of action.  Therefore, the Court holds that any state law claims alleged against Gravolet are so vague as to fail to give Gravolet proper notice of the claims against him.

For the foregoing reasons, **IT IS ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 7)** is **GRANTED**, and that Plaintiff's claims against the United States Trustee Region V and official-capacity claims against Robert Gravolet are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff be and is given 15 days from the date of this Order and Reasons, or until **Thursday, October 6, 2011**, to amend her petition, so as to provide a more definite statement of the state law claims against defendant Gravolet, failing which all remaining claims in this suit will be dismissed.

New Orleans, Louisiana this 21st day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE